## WILLIAMS et v HITCHCOCK et

Ohio Appeals, 2nd Dist, Madison Co

No 122. Decided March 9, 1936

Frank M. Raymond, Columbus, and C. L. Corkwell, Columbus, for plaintiff in error, Eliza Williams.

Flory & Flory, Newark, for Frank E. Corkwell.

Gerhardt & Gerhardt, Circleville, Clark Wickensimer, Chillicothe, Deane M. Richmond, London, and Cary Bowers, Columbus, for defendant in error.

### OPINION

By THE COURT

The above-entitled cause is now being determined on application of plaintiffs in error for rehearing of the former decisions of the court dismissing the petition and proceedings in error for failure to file brief within the time prescribed under Rule 8 of the Rules of Practice. The application sets out six separate numbered specifications.

We have carefully examined the separate grounds set forth in the application and find nothing not considered in the original hearing, except the affidavit of counsel for plaintiff in error, setting forth the serious sickness of affiant's wife requiring personal attention day and night and thus so fatiguing counsel mentally and physically that he was not able to prepare suitable brief; this was particularly true in view of increased professional work that developed upon affiant during the past eight months. We appreciate fully the shortness of the period of time for filing briefs, but Rule 8 has been in existence for a number of years. It is found published in the front pages of Volume 38, Ohio Appellate Reports.

In addition to this, for more than a year our court has given notification in various methods to all the lawyers in the district that the rule would be strictly enforced unless waived.

In Columbus we adopted the only practical method of giving notification through the Daily Reporter. This is the daily publication which every lawyer having cases in any of the courts of the county relies upon as to the status of every case in any of the courts in which he is interested. In view of the shortness of time prescribed for filing briefs under Rule 8, and the extraordinary conditions which frequently arise, we have been very lenient in granting extensions of time when application is made to us. In order to be absolutely fair to both sides we require notice to be served on opposite counsel for such application for extension of time. Through this method all parties are permitted to be heard. if desired, before any order is made. This keeps us in absolute control and permits extension of time where it meets the ends of justice and denies or limits time of extension when proper. Of course, if counsel among themselves can agree, almost without exception, we are content to accept such agreement upon the theory that adversaries will not agree to something that is not in line of reason.

From the facts at hand at this time in the instant case it is reasonably certain that the court on application would have extended the time for filing briefs and the time and effort for making the application would only have required a few minutes. Neither the application for rehearing nor the affidavit meets this situation.

In one or two of the specifications counsel raises the question as to the court's right to promulgate or enforce Rule 8.

A similar question was riased in Stark County, and is found reported in Gongwer State Reports, Case No. 3922, November 5, 1934, page 4185. The Court of Appeals of the Fifth District (Sherick, Lemert and Montgomery, JJ.), in the case of Federal Life and Casualty Company v William Borgun, dismissed the proceedings in error on the ground that briefs had not been filed within the time prescribed by Rule 8. The application to certify in the Supreme Court was overruled.

For more than a year we have been adhering to our announcement that Rule 8 would be strictly enforced. In many other cases in counties in the district, including several in Franklin County, petitions in error have been dismissed for failure to comply with Rule 8. There is just no way

that we can make an exception in the instant case.

Application for rehearing will be overruled.

Exceptions will be allowed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.